UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRIENDS OF MERRYMEETING BAY, et al., | ) ) ) |
| Plaintiffs, | ) ) ) Docket no. 2:11-cv-36-GZS |
| v. | ) ) |
| MILLER HYDRO GROUP, | ) ) |
| Defendant. | ) ) ) |

**ORDER & REPORT OF CONFERENCE**

In accordance with the Procedural Order (Docket # 64), the Court held a conference of counsel on May 1, 2012. Attorneys Bruce Merrill, David Nicholas, and Joshua Kratka appeared for Plaintiffs. Attorneys Janet Mills and Jeffrey Talbert appeared for Defendants. Following the Conference, the Court hereby ORDERS that the following procedure be followed in connection with Defendant's motion for summary judgment:

On or before **May 21, 2012**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF. The first page shall consist of a list describing each exhibit submitted and each exhibit shall then be clearly labeled and separately attached to this filing. The joint record may include any exhibits and depositions (including any exhibits to the depositions) that all sides agree will be referenced in the statements of material facts. The submission of a stipulated record does not prevent either side from submitting additional documents with their respective statement of material facts. Additionally, the Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such

stipulations are admissions solely for purposes of the to-be-filed summary judgment motions. See D. Me. Local Rule 56(g). Any stipulations submitted as part of the joint record will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. Additionally, the parties indicated during the conference that they have an outstanding discovery dispute concerning the scope of the confidentiality order in place in this case. As discussed during the conference, the parties shall confer and attempt to resolve the dispute. If the parties cannot resolve this dispute they shall raise it with the Magistrate Judge. This dispute will not affect the summary judgment briefing schedule.

On or before **May 25, 2012**, the parties shall file their motions for summary judgment, which shall not exceed twenty (20) pages. See Local Rule 7(e).

On or before **June 29, 2012**, the parties shall file their responses, which shall not exceed twenty (20) pages. See id.

On or before **July 20, 2012**, the parties shall file their replies, which shall not exceed seven (7) pages. See id.

As discussed at the conference, the parties will file any and all Daubert and Kumho motions challenging expert witnesses on the same schedule.

The Court also expects the parties' filings will comply with all aspects of Local Rule 56. Each side may file a statement of material fact not to exceed one hundred (100) separately numbered paragraphs. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts. Absent a specific citation, the Court has no duty to consider any part of the record submitted. To the extent that any party qualifies or denies a statement based on a pending Daubert motion, the denial or qualification shall explicitly reference the pending motion.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 1st day of May, 2012.